IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DARIUS REQUENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 3:24-cv-435-ECM |
| | ) | (WO) |
| JAMES W. GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION and BACKGROUND**

Plaintiff Darius Requena ("Requena") initiated this suit on June 24, 2024, by filing a complaint in the Circuit Court of Russell County, Alabama against Defendant James W. Gray ("Gray"). (Doc. 1-1).  Requena alleges that on or about November 19, 2022, "[Gray's] vehicle caused a collision with the vehicle in which [Requena] was traveling, resulting in personal injuries to [Requena]." (*Id*. at 1–2, paras. 4–7).  These injuries resulted in alleged medical expenses of $15,494.50. (*Id.* at 2, para. 10).  As such, Requena asserts a claim for negligence ("Count I") and a claim for wantonness ("Count II"). (*Id.* at 2, paras. 8–13).  To redress these claims, Requena demands compensatory damages, costs, and other relief as deemed appropriate by the Court. (*Id.* at 2).

Gray subsequently removed this case from state court on the basis of diversity jurisdiction. (Doc. 1 at 1, para. 1); 28 U.S.C. §§ 1332 and 1441.  Requena is a citizen of Georgia and Gray is a citizen of Alabama. (Doc. 1 at 1, paras. 2–3).  Accordingly, it is uncontested that the parties are completely diverse.  Although Requena seeks damages, his

complaint does not specify an amount of damages. In his notice of removal, Gray states in conclusory fashion that "based upon the facts as known, the Plaintiff is seeking damages in excess of $75,000.00, the amount in controversy now undisputedly in excess of the jurisdictional amount." (Doc. 1 at 1–2, para. 9).

On July 25, 2024, the parties filed a joint motion to remand wherein the "parties stipulate that the amount in controversy does not exceed $75,000.00." (Doc. 7 at 1). Upon consideration of the motion, and for the reasons that follow, the Court concludes that the motion to remand is due to be GRANTED.

## II.  STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377). Congress has empowered the federal courts to hear cases removed by a defendant from state to federal court if the plaintiff could have originally brought the claims in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

As relevant here, federal jurisdiction exists—and removal is proper—if the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a)(1), 1441(a); *Caterpillar Inc.*, 482 U.S. at 392. And where the amount in controversy is not evident from the face of the complaint, the removing party must demonstrate by a preponderance of the evidence that the amount in controversy exceeds

the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752–54 (11th Cir. 2010).

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "Because removal jurisdiction raises significant federalism concerns," federal courts must "construe removal statutes strictly," and all doubts about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Moreover, subject matter jurisdiction may be challenged at any point in the litigation by the parties or raised *sua sponte* by the Court. *Fort Bend Cnty. v. Davis*, 589 U.S. 541, 548 (2019) ("Unlike most arguments, challenges to subject-matter jurisdiction may be raised by the defendant 'at any point in the litigation,' and courts must consider them *sua sponte*." (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012))); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to state court].").

### III. DISCUSSION

Gray removed this case on the basis of diversity jurisdiction. The parties do not dispute that there is complete diversity between them, and neither party contends that the amount in controversy exceeds $75,000. In fact, the parties jointly request remand on this basis. (Doc. 7 at 1) ("The parties stipulate that the amount in controversy does not exceed $75,000.00."). Although the parties stipulate that the amount in controversy does not exceed $75,000, this agreement cannot serve as the basis for remand unless it sheds light

3

on the amount in controversy at the time of removal. *See DiMarco v. KB Brunswick Hotel LLC*, 2023 WL 2967419, at *2 (S.D. Ga. Apr. 17, 2023) ("While the parties indicate that they both consent to remand, the Court's power to remand based merely upon such consent is suspect."); *Lovett v. Regions Bank*, 2021 WL 4820690, at *2 (N.D. Ga. May 6, 2021); *Brantley v. Bassett*, 2011 WL 6288119, at *1–*2 (S.D. Ala. Nov. 29, 2011), *report and recommendation adopted*, 2011 WL 6260652 (S.D. Ala. Dec. 15, 2011) (collecting cases).[1] Here, in the joint motion, the parties indicate that the stipulation of the amount in controversy is prospective in nature, rather than a clarification of the jurisdictional facts at the time of removal. (*See* doc. 7 at 1) ("Upon remanding this case back to the Circuit Court of Russell County, the parties will stipulate that the amount in controversy will not exceed $75,000.00, regardless of the final verdict entered by the jury."). As such, and upon consideration of the parties' representations, the Court finds it appropriate to undertake a *sua sponte* analysis of subject matter jurisdiction as to the amount in controversy. *See Fort Bend Cnty.*, 589 U.S. at 548.

The complaint does not state an amount of damages. In *Roe v. Michelin N. Am., Inc.*, the Eleventh Circuit held that, when a case is removed on the basis of an initial complaint that does not plead a specific amount of damages, the removing defendant is required to show by a preponderance of the evidence that more likely than not the amount in controversy exceeds the jurisdictional minimum. 613 F.3d 1058, 1061 (11th Cir. 2010). Thus, because Requena did not specify an amount of damages in his complaint, Gray must

---

[1] The Court here, and elsewhere in the Opinion, cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

establish by a preponderance of the evidence that the amount in controversy was met at the time of removal. Gray's conclusory statement in his notice of removal that "based upon the facts as known, [Requena] is seeking damages in excess of $75,000.00," does not suffice. (Doc. 1 at 1–2, para. 9). Indeed, Gray points to no specific facts in support of this assertion and now seeks remand stating the exact opposite.

However, the Court, relying on its "judicial experience and common sense," can review the allegations of the complaint regarding Requena's injuries and determine that, more likely than not, Requena's damages are insufficient to meet the jurisdictional minimum. *See Roe*, 613 F.3d at 1061–62. Because the Court finds that the amount in controversy was not in excess of $75,000 at the time of removal, it lacks subject matter jurisdiction pursuant to §§ 1332 and 1441.

### IV.  CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the parties' joint motion to remand (doc. 7) is GRANTED and this case is REMANDED to the Circuit Court of Russell County, Alabama.

The Clerk of the Court is DIRECTED to take the appropriate steps to effectuate the remand.

DONE this 23rd day of August, 2024.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE